**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **HAROLD HARBOUR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 5:24cv21** |
| | § | |
| **TREDIT TIRE & WHEEL COMPANY,** | § | |
| **INC.,** | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Harold Harbour (hereinafter "Plaintiff"), and files this original complaint

against Tredit Tire & Wheel Company, Inc. (hereinafter "Defendant" and "Tredit"), and would

respectfully show the Court as follows:

### I.  PARTIES

1.      Plaintiff Harold Harbour is an individual residing in Titus County, Texas.

2.      Defendant Tredit Tire & Wheel Company, Inc. is a foreign for-profit corporation doing

business in Texas and may be served through its registered agent, Corporation Service Company

d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas

78701-3218.

### II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age

Discrimination in Employment Act of 1967, "ADEA"), as amended, and supplemental jurisdiction

pursuant to 28 U.S.C. §1367.

4.      All prerequisites to filing suit have been met.

### III. FACTS

5.      Plaintiff was employed by Defendant for approximately six (6) years beginning on or about February 12, 2017.  At the time of his discharge on or about January 11, 2023, he was employed as Territory Manager.  His territory largely comprised eastern Texas.  At the time of his discharge, Plaintiff was 64 years of age.  Plaintiff maintained a good work record with no disciplinary action.

6.      Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

7.      Plaintiff has over twenty (20) years of experience in the industry with an excellent reputation.  Tredit attempted to recruit Plaintiff for several years prior to his joining the company.

8.      Plaintiff maintained a good work record with no disciplinary action.  He developed and serviced multi-million dollar accounts for Tredit within his territory.

9.      Tredit hired Mr. Addison Wheeler as an account clerk in approximately early 2022.  Mr. Wheeler was a recent college graduate, approximately 23 years of age, when hired.

10.     Without any discussion or notice to Plaintiff, Tredit sent Addison Wheeler to begin calling on Plaintiff's accounts.  Plaintiff's accounts began asking him about Addison Wheeler and why he was calling on them.

11.     For example, Addison Wheeler called on Load Trail, a multi-million dollar annual account.

12.     Shortly after this event, Georganna Geraghty, H.R. Director, and Andy Wuesher, V.P. and Plaintiff's direct supervisor, met with Plaintiff on January 11, 2023.  Plaintiff was told he was being let go.  His last day would be January 13, 2023.

13.     Upon information and belief, Plaintiff was replaced by Mr. Addison Wheeler (approximately

23 years of age) who is approximately 40 years younger than Plaintiff and who has significantly less

experience in the industry and/or sales.

14.     At the time of Plaintiff's discharge, he was earning approximately $1,672.74 per week in

base pay ($86,930.48 per year) plus benefits, commissions, and bonuses.  Plaintiff's average annual

pay over the three-year period of 2020 through 2022 is $ 144,441.65.

15.     Plaintiff contends he was discriminated against based on his age (64 years).

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

16.     Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out

verbatim.

17.     Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in

Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the

basis of age.

18.     Plaintiff was 64 years of age at the time of his discharge by Defendant.

19.     Plaintiff was well qualified for the position of Territory Manager, based upon his education,

training, and over twenty (20) years of experience.

20.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623,

*et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

21.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age

Discrimination in Employment Act of 1967, "ADEA"), as amended.

22.    On or about April 6, 2023, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On December 7, 2023, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 7, 2023.

23.    In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

**A.    Discrimination on the Basis of Age**

24.    Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out verbatim.

25.    Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

26.    Plaintiff was 64 years of age at the time of his discharge by Defendant.

27.    Plaintiff was well qualified for the position of Territory Manager, based upon his education, training, and over twenty (20) years of experience.

28.    Any reason Defendant may offer for discharging Plaintiff as Territory Manager is purely pretextual, as Plaintiff performed his job duties in an acceptable manner.

29.    Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

30.    Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all damages as authorized by TEX. LABOR CODE § 21.2585.

31.    Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

32.    On or about April 6, 2023, Plaintiff filed a written complaint with the U.S. Equal

Employment Opportunity Commission. On December 7, 2023, Plaintiff received the Notice of Right

to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 7,

2023.

## VI.  DAMAGES

33.    Plaintiff would show that he has sustained damages within the jurisdictional limits of the

Court as a proximate cause of Defendant's wrongful conduct.

34.    Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age

Discrimination in Employment Act of 1967, "ADEA"), as amended.

35.    Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR

CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

36.    Defendant's conduct in terminating Plaintiff was done intentionally and with malice.

Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR

CODE § 21.2585.

## VII. ATTORNEY'S FEES

37.    Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he

is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

38.    Plaintiffs request that this matter be tried before a jury.

   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing

hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the

jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by

law; reinstatement; mental anguish; punitive damages; liquidated damages; reasonable attorney's

fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or

in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**